THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JANET C. HUDSON
Assistant United States Attorney
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-6356
     Fax: (213) 894-7631
     Email: janet.hudson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>            )<br>       Plaintiff,   )<br>            )<br>       v.   )<br>            )<br>MOUSSA MAHMOUD MATAR, et   )<br>al.,   )<br>            )<br>       Defendants.   )<br>            ) | NO. CR 07-1223(A)-GW<br><br>ORDER RE MODIFICATION OF BOND,<br>CONTINUANCE OF TRIAL DATE, AND<br>EXCLUDABLE TIME PERIODS UNDER<br>SPEEDY TRIAL ACT<br><br>Previous trial date: Jan. 27, 2009<br><br>New trial date: April 28, 2009 |

Pursuant to the stipulation of the parties, **THE COURT HEREBY FINDS:**

Bond modification

1.  Defendant Moussa Mahmoud Matar desires to travel to Lebanon for two months to be with his father, who is seriously ill and is about to undergo surgery.  This absence of the defendant from the United States will require a continuance of the trial date.

2.  In order to leave the United States, defendant requires a modification of his bond conditions, which currently restrict his travel to the Central District of California.

<u>Continuance of Trial; Speedy Trial Act</u>

3.  This case is currently set for trial on January 27, 2009.  In light of defendant Moussa Mahmoud Matar's anticipated two-month absence from the United States in January and February 2009, the parties agree and stipulate to continue the trial to April 28, 2009.

4.  The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

**IT IS THEREFORE ORDERED:**

<u>Modification of Bond Conditions</u>

1.  The bond conditions set for defendant Moussa Mahmoud Matar (hereinafter "defendant") are modified as follows:

   a.  Defendant's bond conditions are modified to allow him to travel to Lebanon beginning in late December 2008 or early January 2009, for a period not to exceed two months.  During the period of time when defendant is outside the United States, the requirement of intensive pretrial supervision is suspended.

   b.  Defendant's U.S. passport shall be returned to him by Pretrial Services for the purpose of his travel to Lebanon in late December 2008 or early January 2009, for a two-month period.

   c.  Prior to leaving the United States, defendant will submit his flight itinerary to the FBI and to Pretrial Services for both his departure and return flights.

   d.  Once defendant has arrived in Lebanon, he will remain in Lebanon until his return to the United States.  While

in transit to or from Lebanon, defendant will not leave the airport without notifying the FBI.

      e.   While in Lebanon, defendant will stay at his father's house, at the address and phone number provided to the FBI.  If defendant needs to spend the night anywhere else, he will first notify the FBI of the location where he will be spending the night.

      f.   If defendant uses a cell phone while in Lebanon, he will advise the FBI of his cell phone number.

      g.   While in Lebanon, defendant will not travel north of Beirut without first notifying the FBI as to where he is going, when, and why.

      h.   Within 24 hours of his return to the United States, defendant will report to Pretrial Services and will surrender his passport to Pretrial Services.  Intensive pretrial supervision will resume and the bond conditions specifying travel restrictions will automatically be reimposed without further order of the Court, <u>i.e.</u>, travel will be restricted to the Central District of California, and defendant will be prohibited from entering the premises of any airport, seaport, railroad, or bus terminal which permits exit from the area of restricted travel without Court permission.

<u>Trial Continuance; Speedy Trial Act</u>

   2.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the time period of December 22, 2008 to April 28, 2009, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(3)(A) and (h)(7)(A), because a delay is necessary due to the unavailability of the

defendant, and the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (I) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

3.   The new Speedy Trial deadline is 91 days after the previous deadline of March 17, 2009, or **June 16, 2009**.

4.   Nothing in this order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

5.   The jury trial set for January 27, 2009 and the pretrial conference set for January 12, 2009 are **VACATED** and the court sets the following dates:

Pretrial conference:     April 20, 2009 at 8:00 a.m.
Jury trial:              April 28, 2009 at 9:00 a.m.

IT IS FURTHER ORDERED THAT defendants Moussa Mahmoud Matar, Mohamad Moussa Matar, and Ali Moussa Matar shall appear in Courtroom #10 of the United States Courthouse, 312 North Spring Street, Los Angeles, California for trial on April 28, 2009.

January 5, 2009

_____
THE HONORABLE GEORGE WU
UNITED STATES DISTRICT JUDGE