THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JANET C. HUDSON (State Bar No. 113996)
Assistant United States Attorney
National Security Section
        1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-6356
        Facsimile: (213) 894-7631
        E-mail: janet.hudson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

               FOR THE CENTRAL DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,        )  CR No. 07-1223(A)-GW
                                 )
                 Plaintiff,      )  <u>PLEA AGREEMENT FOR DEFENDANT</u>
                                 )  <u>MOUSSA MAHMOUD MATAR</u>
            v.                   )
                                 )
MOUSSA MAHMOUD MATAR, et         )
al.,                             )
                                 )
                 Defendants.     )
_____)

        1.   This constitutes the plea agreement between MOUSSA

MAHMOUD MATAR ("defendant") and the United States Attorney's

Office for the Central District of California ("the USAO") in

the above-captioned case.   This agreement is limited to the

USAO and cannot bind any other federal, state or local

prosecuting, administrative or regulatory authorities.

                               <u>PLEA</u>

        2.   Defendant agrees to plead guilty to count two of the

superseding indictment in <u>United States v. Moussa Mahmoud</u>

Matar, et al., CR No. 07-1223(A)-GW.

NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of count two, which charges a violation of Title 31, United States Code, Section 5324(a)(1), the following must be true:

a.   A domestic financial institution was required to file a Currency Transaction Report;

b.   Defendant caused or attempted to cause the domestic financial institution to fail to file the required Currency Transaction Report;

c.   Defendant did so for the purpose of evading the reporting requirements of 31 U.S.C. § 5313. Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the superseding indictment.

PENALTIES

4.   The statutory maximum sentence that the Court can impose for a violation of Title 31, United States Code, Section 5324(a)(1), is: five years imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.00.

5.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release,

2

which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.   Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7.   Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

8.   Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 11 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On November 27, 2006, defendant and a person whose identity is unknown deposited a total of $19,480 in cash into bank accounts in the name of Denim Palace at Bank of America.  The deposit of a total of over

3

$10,000 in cash on a single day into accounts in the
name of Denim Palace caused Bank of America to be
required to file a Currency Transaction Report.
However, bank records show that an unknown person
deposited a portion of that cash in the amount of
$9,500 at the Bell branch of Bank of America at
approximately 1:55 p.m., and that defendant
knowingly deposited the remaining portion, namely
$9,980, at the Bell branch of Bank of America at
approximately 3:41 p.m. that same day, as indicated
in bank records and the bank surveillance video.  By
participating in the making of two cash deposits in
one day, each in an amount under $10,000, defendant
knowingly caused and attempted to cause Bank of
America, a domestic financial institution, to fail
to file a report required under 31 U.S.C. § 5313,
for the purpose of evading the reporting
requirements of 31 U.S.C. § 5313.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

9.   By pleading guilty, defendant gives up the following
rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at
trial, including the right to have the Court appoint counsel
for defendant for the purpose of representation at trial.  (In
this regard, defendant understands that, despite his plea of
guilty, he retains the right to be represented by counsel --

4

1  and, if necessary, to have the court appoint counsel if

2  defendant cannot afford counsel -- at every other stage of the

3  proceeding.)

4          d) The right to be presumed innocent and to have the

5  burden of proof placed on the government to prove defendant

6  guilty beyond a reasonable doubt.

7          e) The right to confront and cross-examine witnesses

8  against defendant.

9          f) The right, if defendant wished, to testify on

10  defendant's own behalf and present evidence in opposition to

11  the charges, including the right to call witnesses and to

12  subpoena those witnesses to testify.

13          g) The right not to be compelled to testify, and, if

14  defendant chose not to testify or present evidence, to have

15  that choice not be used against defendant.

16     By pleading guilty, defendant also gives up any and all

17  rights to pursue any affirmative defenses, Fourth Amendment or

18  Fifth Amendment claims, and other pretrial motions that have

19  been filed or could be filed.

20                    SENTENCING FACTORS

21     10.   Defendant understands that the Court is required to

22  consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

23  including the kinds of sentence and sentencing range

24  established under the United States Sentencing Guidelines

25  ("U.S.S.G." or "Sentencing Guidelines"), in determining

26  defendant's sentence.  Defendant further understands that the

27  Sentencing Guidelines are advisory only, and that after

28  considering the Sentencing Guidelines and the other § 3553(a)

1  factors, the Court may be free to exercise its discretion to
2  impose any reasonable sentence up to the maximum set by
3  statute for the crime of conviction.

4      11.  Defendant and the USAO agree and stipulate to the
5  following applicable sentencing guideline factors:

6      Base Offense Level  :     6        [U.S.S.G. §2S1.3]

7      Value of the funds
       involved in Count Two
8      ($19,480)           :     +4       [U.S.S.G. §2B1.1(C)]

9      Acceptance of
       Responsibility    :     -2        [U.S.S.G. §3E1.1]
10
       Total Offense Level:     8
11

12  For purposes of this plea agreement, the government does not
13  allege that any enhancement applies for a pattern of illegal
14  activity involving more than $100,000 in a 12-month period.
15  The USAO will agree to a downward adjustment for acceptance of
16  responsibility (and, if applicable, move for an additional
17  level under § 3E1.1(b)) only if the conditions set forth in
18  paragraph 15 are met.  Subject to paragraph 15, defendant and
19  the USAO agree not to seek, argue, or suggest in any way,
20  either orally or in writing, that any other specific offense
21  characteristics, adjustments or departures, relating to either
22  the applicable Offense Level or the Criminal History Category,
23  be imposed.  If, however, after signing this agreement but
24  prior to sentencing, defendant were to commit an act, or the
25  USAO were to discover a previously undiscovered act committed
26  by defendant prior to signing this agreement, which act, in
27  the judgment of the USAO, constituted obstruction of justice
28  within the meaning of U.S.S.G. § 3C1.1, the USAO would be free

1  to seek the enhancement set forth in that section.

2       12.  There is no agreement as to defendant's criminal

3  history or criminal history category.

4       13.  Defendant and the USAO also agree and stipulate

5  that, taking into account the factors listed in 18 U.S.C. §

6  3553(a)(1)-(7), the relevant Sentencing Guidelines effective

7  on November 1. 2006, represent a reasonable basis for the

8  Court to determine defendant's sentence in this case, and

9  agree that defendant should be sentenced in accordance with

10 the Sentencing Guidelines.   Therefore, subject to paragraph

11 15, defendant and the USAO agree not to seek, argue, or

12 suggest in any way, either orally or in writing, that the

13 Court (a) not follow the Sentencing Guidelines in imposing

14 sentence; (b) impose a sentence not in accordance with the

15 Sentencing Guidelines; or (c) impose a sentence outside the

16 sentencing range corresponding to the determined total offense

17 level; or (c) impose a sentence outside the sentencing range

18 for the total offense level stipulated to above.

19      14.  The stipulations in this agreement do not bind

20 either the United States Probation Office or the Court.   Both

21 defendant and the USAO are free to: (a) supplement the facts

22 by supplying relevant information to the United States

23 Probation Office and the Court, (b) correct any and all

24 factual misstatements relating to the calculation of the

25 sentence, and (c) argue on appeal and collateral review that

26 the Court's Sentencing Guidelines calculations are not error,

27 although each party agrees to maintain its view that the

28 calculations in paragraph 11 are consistent with the facts of

1   this case.

2   <u>DEFENDANT'S OBLIGATIONS</u>

3      15. Defendant agrees that he will:

4         a) Plead guilty as set forth in this agreement.

5         b) Not knowingly and willfully fail to abide by all

6   sentencing stipulations contained in this agreement.

7         c) Not knowingly and willfully fail to: (i) appear

8   for all court appearances, (ii) surrender as ordered for

9   service of sentence, (iii) obey all conditions of any bond,

10   and (iv) obey any other ongoing court order in this matter.

11         d) Not commit any crime; however, offenses which

12   would be excluded for sentencing purposes under U.S.S.G. §

13   4A1.2(c) are not within the scope of this agreement.

14         e) Not knowingly and willfully fail to be truthful

15   at all times with Pretrial Services, the U.S. Probation

16   Office, and the Court.

17         f) Pay the applicable special assessment at or

18   before the time of sentencing unless defendant lacks the

19   ability to pay and submits a completed financial statement

20   (form OBD-500) to the USAO prior to sentencing.

21         g) Obtain all claimants' signatures upon the

22   Stipulation for Entry of Consent Judgment in the related civil

23   forfeiture action, in the form attached hereto as Exhibit 1,

24   and obtain the signature of Mahmoud Matar on the Waiver and

25   Release of Claims to Contest Forfeiture in the form attached

26   hereto as Exhibit 2, and deliver the fully executed

27   Stipulation and Waiver to the government prior to sentencing.

28         h) Not assist any other individual in any effort

1  falsely to contest the forfeiture of the assets described in

2  the forfeiture Stipulation.

3       i) Not claim that reasonable cause to seize the

4  assets described in the forfeiture Stipulation was lacking.

5       j) Prevent the disbursement of any and all assets

6  described in the forfeiture Stipulation if such disbursements

7  are within defendant's direct or indirect control.

8       k) Not argue that forfeiture of assets described in

9  the Forfeiture stipulation shall be counted toward

10 satisfaction of any special assessment, fine, restitution, or

11 any other penalty the Court may impose.

12                     THE USAO'S OBLIGATIONS

13    16.  If defendant complies fully with all defendant's

14 obligations under this agreement, the USAO agrees:

15       a) To abide by all sentencing stipulations contained

16 in this agreement.

17       b) At the time of sentencing to move to dismiss the

18 remaining counts of the indictment as against defendant and

19 move to dismiss the underlying indictment.

20       c) At the time of sentencing, provided that

21 defendant demonstrates an acceptance of responsibility for the

22 offense up to and including the time of sentencing, to

23 recommend a two-level reduction in the applicable sentencing

24 guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to

25 recommend and, if necessary, move for an additional one-level

26 reduction if available under that section.

27                      BREACH OF AGREEMENT

28    17.  If defendant, at any time after the execution of

                              9

1    this agreement, knowingly violates or fails to perform any of

2    defendant's agreements or obligations under this agreement ("a

3    breach"), the USAO may declare this agreement breached.  If

4    the USAO declares this agreement breached at any time

5    following its execution, and the Court finds such a breach to

6    have occurred, then: (a) if defendant has previously entered a

7    guilty plea, defendant will not be able to withdraw the guilty

8    plea, and (b) the USAO will be relieved of all of its

9    obligations under this agreement.

10       18.  Following the Court's finding of a knowing and

11   willful breach of this agreement by defendant, should the USAO

12   elect to pursue any charge or any civil or administrative

13   action that was either dismissed or not filed as a result of

14   this agreement, then:

15       a) Defendant agrees that any applicable statute of

16   limitations is tolled between the date of defendant's signing

17   of this agreement and the commencement of any such prosecution

18   or action.

19       b) Defendant gives up all defenses based on the

20   statute of limitations, any claim of pre-indictment delay, or

21   any speedy trial claim with respect to any such prosecution or

22   action, except to the extent that such defenses existed as of

23   the date of defendant's signing this agreement.

24       c) Defendant agrees that: (i) any statements made by

25   defendant, under oath, at the guilty plea hearing (if such a

26   hearing occurred prior to the breach); (ii) the stipulated

27   factual basis statement in this agreement; and (iii) any

28   evidence derived from such statements, are admissible against

1  defendant in any such prosecution of or action against

2  defendant, and defendant shall assert no claim under the

3  United States Constitution, any statute, Rule 410 of the

4  Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

5  Criminal Procedure, or any other federal rule, that the

6  statements or any evidence derived from any statements should

7  be suppressed or are inadmissible.

8                  WAIVER OF APPEAL AND COLLATERAL ATTACK

9       19.  Defendant gives up the right to appeal any sentence

10 imposed by the Court, and the manner in which the sentence is

11 determined, provided that the sentence is within the statutory

12 maximum specified in paragraph 4 above and is constitutional.

13 Defendant also gives up any right to bring a post-conviction

14 collateral attack on the conviction or sentence, except a

15 post-conviction collateral attack based on a claim of

16 ineffective assistance of counsel, a claim of newly discovered

17 evidence, or an explicitly retroactive change in the

18 applicable Sentencing Guidelines, sentencing statutes, or

19 statutes of conviction.  Notwithstanding the foregoing,

20 defendant retains the ability to appeal the conditions of

21 probation or supervised release imposed by the Court, with the

22 exception of the following: conditions set forth in General

23 Orders 318 and 01-05 of this Court; the drug testing

24 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d);

25 and the alcohol and drug use conditions authorized by 18

26 U.S.C. § 3563(b)(7).

27              LIMITED MUTUAL WAIVER OF APPEAL

28     20.  Defendant gives up the right to appeal any sentence

                                11

imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 8, and the applicable criminal history category as determined by the Court.   Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's criminal history category and the conditions of probation or supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.   The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 8, and the applicable criminal history category as determined by the Court.

<u>COURT NOT A PARTY</u>

22.   The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.   Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for

1    that reason, withdraw defendant's guilty plea, and defendant

2    will remain bound to fulfill all defendant's obligations under

3    this agreement.   No one -- not the prosecutor, defendant's

4    attorney, or the Court -- can make a binding prediction or

5    promise regarding the sentence defendant will receive, except

6    that it will be within the statutory maximum.

7                       NO ADDITIONAL AGREEMENTS

8         23.   Except as set forth herein, there are no promises,

9    understandings or agreements between the USAO and defendant or

10   defendant's counsel.   Nor may any additional agreement,

11   understanding or condition be entered into unless in a writing

12   signed by all parties or on the record in court.

13           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

14        24.   The parties agree and stipulate that this Agreement

15   will be considered part of the record of defendant's guilty

16   plea hearing as if the entire Agreement had been read into the

17   record of the proceeding.

18        This agreement is effective upon signature by defendant

19   and an Assistant United States Attorney.

20   AGREED AND ACCEPTED

21   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
22
     THOMAS P. O'BRIEN
23   United States Attorney

24   _____          _May 27, 2009_____
25   JANET C. HUDSON                      Date
     Assistant United States Attorney
26

27        This agreement has been read to me in Arabic, the

28   language I understand best, and I have carefully discussed

                                13

every part of it with my attorney. I understand the terms of
this agreement, and I voluntarily agree to those terms.  My
attorney has advised me of my rights, of possible defenses, of
the sentencing factors set forth in 18 U.S.C. § 3553(a), of
the relevant Sentencing Guidelines provisions, and of the
consequences of entering into this agreement.  No promises or
inducements have been given to me other than those contained
in this agreement.  No one has threatened or forced me in any
way to enter into this agreement.  Finally, I am satisfied
with the representation of my attorney in this matter.


_____          5-27-09
MOUSSA MAHMOUD MATAR                        Date
Defendant

    I, Nohad Hanna, am fluent in written and spoken English
and Arabic languages.  I accurately translated this entire
agreement from English into Arabic to defendant MOUSSA MAHMOUD
MATAR on this date.


_____          _____
NOHAD HANNA                                 Date
Interpreter


    I am Moussa Mahmoud Matar's attorney.  I have carefully
discussed every part of this agreement with my client.
Further, I have fully advised my client of his rights, of
possible defenses, of the sentencing factors set forth in 18
U.S.C. § 3553(a), of the relevant Sentencing Guidelines
provisions, and of the consequences of entering into this
agreement.  To my knowledge, my client's decision to enter

14

into this agreement is an informed and voluntary one.

_____                    5-27-09
CORNELL PRICE                                        _____
Counsel for Defendant                                Date
MOUSSA MAHMOUD MATAR

15

# EXHIBIT 1

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MONICA E. TAIT
Assistant United States Attorney
California Bar Number 157311
Asset Forfeiture Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2931
     Facsimile: (213) 894-7177
     Email:    Monica.Tait@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV 08-02741 GW (PLAx) |
| | ) | |
|       Plaintiff, | ) | STIPULATION FOR ENTRY OF |
| | ) | CONSENT JUDGMENT |
|       v. | ) | |
| | ) | [PROPOSED ORDER FILED |
| $264,888.70 IN BANK ACCOUNT | ) | CONCURRENTLY] |
| FUNDS, AND $77,035.00, | ) | |
| $72,922.00, $18,095.00 IN U.S. | ) | |
| CURRENCY, AND $204,706.40 | ) | |
| IN BANK ACCOUNT FUNDS, | ) | |
| | ) | |
|       Defendants. | ) | |
| _____ | ) | |

     Plaintiff United States of America (the "government") and

claimants Moussa Matar, Feyrouz Matar, Mohamad Moussa Matar, Rana

Ahmed Ghasham (aka Rayna Ahmed Gashamp), Zeinab Matar, Nour

Yousseff Saab, Ali Moussa Matar, Fatima Matar, and Ali Saleh,

hereby stipulate as follows:

1.    This agreement is entered into between plaintiff United States of America and claimants Moussa Matar, Feyrouz Matar, Mohamad Moussa Matar, Rana Ahmed Ghasham (aka Rayna Ahmed Gashamp), Zeinab Matar, Nour Yousseff Saab, Ali Moussa Matar, Fatima Matar, and Ali Saleh.  Each of the claimants has asserted an interest in one or more of the defendants $264,888.70 in Bank Account Funds, and $77,035.00, $72,922.00, $18,095.00 in U.S. Currency, and $204,706.40 in Bank Account Funds.  The defendants are referred to collectively as "defendant funds."

2.    On April 17, 2007, plaintiff United States of America commenced this judicial forfeiture action by filing a Complaint alleging that the defendants are forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), (a)(1)(C), and 984.

3.    On July 28, 2008, the government filed a First Amended Complaint, which added the defendant $204,706.40 in Bank Account Funds as a defendant in the case.  Claimants Moussa Matar, Feyrouz Matar, Mohamad Moussa Matar, Rana Ahmed Ghasham (aka Rayna Ahmed Gashamp), Zeinab Matar, Nour Yousseff Saab, Ali Moussa Matar, Fatima Matar, and Ali Saleh each filed a claim to contest the forfeiture of one or more of the defendant assets, but no answers were ever filed.

4.    Plaintiff has notified other potential claimants of this action pursuant to Supplemental Rule G of the Federal Rules of Civil Procedure.  The United States published notice of the original Complaint on May 20, 27, and June 3, 2008, and the First Amended Complaint on August 14, 21, and 28, 2008.  No other claims or answers have been filed to contest the forfeiture of the defendant funds other than specifically noted above, and the time

for filing claims and answers has expired.  All potential claimants
to the defendant funds other than the undersigned are deemed to
have admitted the allegations of the Complaint and First Amended
Complaint ("FAC").

5.    It is the intention of plaintiff United States of America
and Moussa Matar, Feyrouz Matar, Mohamed Moussa Matar, Rana Ahmed
Ghasham (aka Rayna Ahmed Gashamp), Zeinab Matar, Nour Yousseff
Saab, Ali Moussa Matar, Fatima Matar, and Ali Saleh to resolve all
of their competing claims to the defendants by this Stipulation for
Entry of Consent Judgment.

6.    The parties agree to the following disposition of the
defendants:

a.    The United States shall have judgment in the present
forfeiture action against the interests of Moussa Matar, Feyrouz
Matar, Mohamad Moussa Matar, Rana Ahmed Ghasham (aka Rayna Ahmed
Gashamp), Zeinab Matar, Nour Yousseff Saab, Ali Moussa Matar,
Fatima Matar, and Ali Saleh, and all other potential claimants, in
all of the following defendants (collectively, the "Forfeited
Funds"):

(1)    $241,438.70 of the defendant $264,888.70 in Bank Account
Funds (which defendant is particularly described at
paragraphs 6(a)-(g) of the FAC); and

(2)    All of the defendant $204,706.40 in Bank Account Funds
(which defendant is particularly described at paragraphs
8(a)-(e) of the FAC).

The Forfeited Funds shall be condemned and forfeited to the United
States of America upon entry of the accompanying Consent Judgment.
The United States Marshals Service shall dispose of the Forfeited

1   Funds in accordance with law.

2        b.   The United States shall return the remaining $23,450.00
3   of the defendant $264,888.70 in Bank Account Funds; and all of the
4   defendants $77,035.00, $72,922.00 and $18,095.00 in U.S. Currency,
5   plus all interest actually accrued thereon since the time of
6   seizure, to claimants, via one or more checks payable to Hussein A.
7   Chahine Client Trust Account.  Not later than 30 days after the
8   court enters the accompanying Consent Judgment, said check(s) shall
9   be mailed to: Hussein A. Chahine; 33 South Catalina Avenue, Suite
10   202; Pasadena, California 91106.

11        7.   Except as to such rights and obligations created by this
12   agreement, claimants Moussa Matar, Feyrouz Matar, Mohamad Moussa
13   Matar, Rana Ahmed Ghasham (aka Rayna Ahmed Gashamp), Zeinab Matar,
14   Nour Yousseff Saab, Ali Moussa Matar, Fatima Matar, and Ali Saleh,
15   release and agree to hold harmless the United States, and any
16   agents, servants, and employees of the United States (or any state
17   or local law enforcement agency), including without limitation the
18   Federal Bureau of Investigation, acting in their individual or
19   official capacities, from all claims, actions or proceedings,
20   including, but not limited to, any claim for attorney's fees and/or
21   costs, or interest, which may hereafter be asserted or brought by
22   any of them or on their behalf which arise out of the present
23   action.

24        8.   Each party shall bear its own costs of litigation and
25   attorney's fees.  Each party waives its right to appeal.  The
26   parties agree that the Court's entry of the accompanying Consent
27   Judgment constitutes a certificate of reasonable cause pursuant to
28   28 U.S.C. § 2465(a)(2).

1     9.   The parties agree that the Court retains jurisdiction over

2 this case and the parties hereto to effectuate the terms of this

3 settlement.

4     10.   Each of the undersigned represents that he/she has the

5 full power and authority (without further approvals or consents) to

6 enter into this Stipulation and perform the obligations set forth

7 herein.

8     11.   The parties hereby stipulate and request that the Court

9 enter the accompanying Consent Judgment in this matter.

10     **SO STIPULATED.**

11 DATED: _____    THOMAS P. O'BRIEN
    United States Attorney

12     CHRISTINE C. EWELL
    Assistant United States Attorney

13     Chief, Criminal Division
    STEVEN R. WELK

14     Assistant United States Attorney
    Chief, Asset Forfeiture Section

15

16     _____

17     MONICA E. TAIT
    Assistant United States Attorney

18     Attorneys for Plaintiff
    UNITED STATES OF AMERICA

19

20 DATED: _____    _____
    MOUSSA MATAR, claimant

21

22 DATED: _____    _____

23     FEYROUZ MATAR, claimant

24 DATED: _____    _____

25     MOHAMAD MOUSSA MATAR, claimant

26

27 DATED: _____    _____
    RANA AHMED GHASHAM, aka Rayna Ahmed

28     Gashamp, claimant
    *(continued to next page)*

1

2    DATED: _____    _____
                                  ZEINAB MATAR, claimant
3

4    DATED: _____    _____
                                  NOUR YOUSSEFF SAAB, claimant
5

6    DATED: _____    _____
                                  ALI MOUSSA MATAR, claimant
7

8    DATED: _____    _____
                                  FATIMA MATAR, claimant
9

10   DATED: _____    _____
                                  ALI SALEH, claimant
11

12   DATED: _____         _____
                                  CORNELL J. PRICE
13                                Attorney for Claimants MOUSSA
                                  MATAR, FEYROUZ MATAR, MOHAMAD
14                                MOUSSA MATAR, RANA AHMED GHASHAM (AKA
                                  RAYNA AHMED GASHAMP), ZEINAB MATAR,
15                                NOUR YOUSSEFF SAAB, ALI MOUSSA MATAR,
                                  FATIMA MATER, AND ALI SALEH
16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

WAIVER AND RELEASE
OF CLAIMS TO CONTEST FORFEITURE

I.  **INTRODUCTION**.

A.  Moussa Matar, Mohamed Matar, and Ali Matar
("defendants") have entered into a plea agreement with the United
States Attorneys Office for the Central District of California.

B.  Defendants and certain non-defendants have agreed to
forfeit the following property to the United States pursuant to
18 U.S.C. §§ 981(a)(1)(A), (C), and 984:

(1)  A portion of the $264,888.70 in bank funds seized by
Special Agents of the Federal Bureau of Investigation ("FBI") on
November 6, 2007 from accounts at Bank of America pursuant to a
federal seizure warrant.  The seized funds are more particularly
described as follows:

> a.  $46,900.00 seized from an account ending in -0804;
>
> b.  $74,447.52 seized from an account ending in -1759;
>
> c.  $21,661.48 seized from an account ending in -3268;
>
> d.  $24,573.88 seized from an account ending in -2456;
>
> e.  $62,144.45 seized from an account ending in -4516;
>
> f.  $17,852.46 seized from an account ending in -1090;
>
> g.  $17,308.91 seized from an account ending in -3923.

(2)  $204,706.40 in bank funds seized by Special Agents of
the FBI on or about February 21, 2008 from accounts at U.S. Bank
pursuant to a federal seizure warrant, and more particularly
described as follows:

> a.  $14,156.07 seized from an account ending in -2784;

b.   $112,626.21 from an account ending in -2792;

c.   $25,394.53 from an account ending in -2800;

d.   $28,027.00 from an account ending in -2826; and

e.   $24,502.59 from an account ending in  -2891.

C.   Mahmoud Matar is Moussa Matar's son.  Mahmoud Matar resided at Moussa Matar's Cudahy, California residence on or about November 6, 2007, at the time of the seizure of $77,035.00 in United States Currency ("seized currency") from the residence by members of the Los Angeles Police Department or Special Agents of the Federal Bureau of Investigation during the execution of a state search warrant at the residence.

II.  <u>WAIVER AND RELEASE BY MAHMOUD MATAR</u>

Mahmoud Matar hereby knowingly, voluntarily, and intelligently waives, relinquishes, and surrenders all rights to contest the forfeiture of the bank funds and seized currency described in paragraphs I(B)-(C) above, and all rights to judicial review of the seizure and/or forfeiture of those assets.

Dated: _____

_____
Mahmoud Matar